JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Christopher L. King & Mark B. Retterath, individually & on behalf of those similarly situated | Beth Skinner, Iowa Department of Corrections, Kris Weitzell, Newton Correctional Facility, Stephen Weis, Clarinda Correctional Facility |

(b) County of Residence of First Listed Plaintiff    Page County, Iowa
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Polk County, Iowa
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Alfredo Parrish, Jessica Donels, Parrish Kruidenier Dunn Boles Gribble Gentry Brown Bergmann & Messamer, LLP, 2910 Grand Ave Des Moines, Iowa 50312, 515-284-5737

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ❏ 2   U.S. Government Defendant
- ❏ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane    ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product     Product Liability | |     28 USC 157 |     3729(a)) |
| ❏ 140 Negotiable Instrument |     Liability    ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel &     Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
|     & Enforcement of Judgment |     Slander     Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers'     Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted |     Liability    ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
|     Student Loans | ❏ 340 Marine     Injury Product | |     New Drug Application | ❏ 470 Racketeer Influenced and |
|     (Excludes Veterans) | ❏ 345 Marine Product     Liability | | ❏ 840 Trademark |     Corrupt Organizations |
| ❏ 153 Recovery of Overpayment |     Liability    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
|     of Veteran's Benefits | ❏ 350 Motor Vehicle    ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) |     (15 USC 1681 or 1692) |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle    ❏ 371 Truth in Lending |     Act | ❏ 862 Black Lung (923) | ❏ 485 Telephone Consumer |
| ❏ 190 Other Contract |     Product Liability    ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) |     Protection Act |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal     Property Damage |     Relations | ❏ 864 SSID Title XVI | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise |     Injury    ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 850 Securities/Commodities/ |
| | ❏ 362 Personal Injury -     Product Liability | ❏ 751 Family and Medical | |     Exchange |
| |     Medical Malpractice |     Leave Act | | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights    **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting    ❏ 463 Alien Detainee |     Income Security Act |     or Defendant) | ❏ 895 Freedom of Information |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment    ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party |     Act |
| ❏ 240 Torts to Land | ❏ 443 Housing/     Sentence | |     26 USC 7609 | ❏ 896 Arbitration |
| ❏ 245 Tort Product Liability |     Accommodations    ❏ 530 General | | | ❏ 899 Administrative Procedure |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities -    ❏ 535 Death Penalty | **IMMIGRATION** | |     Act/Review or Appeal of |
| |     Employment    **Other:** | ❏ 462 Naturalization Application | |     Agency Decision |
| | ❏ 446 Amer. w/Disabilities -    ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | ❏ 950 Constitutionality of |
| |     Other    ☒ 550 Civil Rights |     Actions | |     State Statutes |
| | ❏ 448 Education    ❏ 555 Prison Condition | | | |
| | ❏ 560 Civil Detainee - | | | |
| |     Conditions of | | | |
| |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
Prison restrictions on visitation are unconstitutional.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE        DOCKET NUMBER

DATE
06/05/2020

SIGNATURE OF ATTORNEY OF RECORD
*Alfredo Parrish*

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **CHRISTOPHER L. KING and MARK B. RETTERATH, individually and on behalf of those similarly situated.**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**BETH SKINNER, in her Official Capacity as Director of the IDOC; IOWA DEPARTMENT OF CORRECTIONS; KRIS WEITZELL, in her Official Capacity as Warden of the Newton Correctional Facility; NEWTON CORRECTIONAL FACILITY; STEPHEN WEIS, in his Official Capacity as Warden of the Clarinda Correctional Facility; CLARINDA CORRECTIONAL FACILITY,**<br><br>**Defendants.** | Civil No.: _____<br><br><br><br><br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND, REQUEST FOR DECLARATORY JUDGMENT AND INJUNCTION** |

**COME NOW** the Plaintiffs, Christopher L. King and Mark B. Retterath, individually and on behalf of those similarly situated, through counsel, and for their request for declaratory judgment, injunctive relief, and causes of action respectfully state the following:

**INTRODUCTION**

1.     This case arises out of the Iowa Department of Corrections' ("IDOC") administration of its visitation policies for certain defendants committed of sexual offenses

1

at the Clarinda Correctional Facility ("CCF") and the Newton Correctional Facility ("NCF"). The policies, procedures, and practices of the IDOC and its employees have resulted in violations of the constitutional and statutory rights of the Plaintiffs, both named and those similarly situated.

2.      The IDOC was established by the state legislature to provide for the "control, treatment, and rehabilitation of offenders committed under law to" Iowa's various correctional institutions. Iowa Code § 904.102. Witih a view towards rehabilitating prisoners, the IDOC has enacted a policy "to allow incarcerated individuals visiting privileges to maintain and strengthen relationships with family members and friends." OP-MTV-04 at II. Countless studies have confirmed what Plaintiff Retterath knows to be true: maintaining relationships with family during incarceration is an essential element in both rehabilitating offenders and preventing recidivism upon release.

3.      But, persons in Plaintiffs position are denied the opportunity to visit with their children while incarcerated.

4.      Mr. King has been convicted of sex offenses involving minors over the age of 16, and he has not yet been able to participate in the sex offender treatment program (SOTP). Mr. King has consistently maintained his innocence, and appealed his conviction. Under the IDOC's visitation policy, Mr. King has no ability to visit his minor daughter until after he completes the SOTP, and at that time he must request special permission to visit his daughter. This restriction harms Mr. King's attempts at rehabilitation, and violates his First, Fifth, and Eighth Amendment rights under the United States Constitution.

5.      Mr. Retterath has been convicted of sex offenses involving an unrelated

minor, and he has not yet been able to participate in the sex offender treatment program. Mr. Retterath has consistently maintained his innocence and appealed his conviction. Under the IDOC's visitation policy, Mr. Retterath has no ability to visit his minor children.

6.      Accordingly, Plaintiffs Christopher King and Mark Retterath bring this action for a declaratory judgment, injunctive relief, violations of 42 U.S.C. § 1983, and violations of the Iowa Constitution.

## PARTIES

### I.      Named Plaintiffs

7.      Plaintiff Christopher King is incarcerated at the CCF and a citizen and resident of Iowa at all times material to the events complained of herein.

8.      Plaintiff Mark Retterath is incarcerated at the NCF and a citizen and resident of Iowa at all times material to the events complained of herein.

### II.      Named Defendants

9.      Defendant Beth Skinner is believed to be a citizen and resident of Iowa and is the current Director of the IDOC.

10.      Defendant Kris Weitzell is believed to be a citizen and resident of Iowa and is the Warden of the NCF.

11.      Defendant Stephen Weiss is believed to be a citizen and resident of Iowa and the Warden of the CCF.

12.      Defendant Iowa Department of Corrections is a recognized department within the State of Iowa that is responsible for the control, treatment, and rehabilitation of offenders committed under law to Iowa's penitentiaries and correctional facilities.  *See*

3

Iowa Code § 904.102.

### III.    Putative Class

13.    Plaintiffs properly maintain this action for themselves, and as a class action pursuant to Federal Rule of Civil Procedure 23 for all others who have been denied certain constitutional rights with regard to the visitation policies that are established by the IDOC and administered at the CCF.  Those persons for, and on whose behalf, this action is brought herein shall be referred to as the "Putative Class."

14.    The Putative Class is defined as individuals who are incarcerated having been convicted of sex offenses, and who have minor children, who, now or in the future, are unconstitutionally prevented from visiting with their children as a result of the IDOC visitation policies.

15.    The Putative Class is sufficiently numerous that joinder of all members is impracticable.  Based on information or belief, the IDOC classifies between 800 and 1,000 incarcerated individuals as required to complete the SOTP prior to discharge. It is unknown how many of those individuals have minor children, and how many of those individuals are not reasonably considered a risk to their own minor children. Further, the fluid nature of the Putative Class, with inmates entering or being discharged from the IDOC, makes joinder impracticable.

16.    Plaintiffs raise questions of fact and law that are common to all members of the Putative Class.

17.    Questions of fact and law common to the Putative Class include, but are not limited to:

4

    a. Whether the named Defendants, through their actions and/or omissions, have violated the civil and constitutional rights of inmates by prohibiting them from having visits with their own minor children without establishing that Defendants would be a risk to their own minor children;

    b. Whether the named Defendants, through their actions and/or omissions, have violated the civil and constitutional rights of inmates by exercising deliberate disregard for the serious psychological or psychiatric needs of inmates who cannot, as a result of Defendants' actions, have visits with their own minor children;

    c. Whether the Putative Class is entitled to declaratory and injunctive relief to vindicate the rights that they have been denied.

18. The claims that the named Plaintiffs raised herein, and the resulting harms and substantival risks of serious harm, are typical to those of the Putative Class.

19. The named Plaintiffs will fairly and adequately represent and protect the interests of the Putative Class.

20. Named Defendants have acted or refused to act on grounds that are generally applicable to the Putative Class and injunctive and declaratory relief are appropriate respecting the Putative Class as a whole.

## JURISDICTION AND VENUE

21. Jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3).

22. The supplemental jurisdiction of this Court to hear and decide the pendent claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

23. All events and actions referenced in this Complaint occurred in the Southern District of Iowa, therefore venue is proper under 28 U.S.C § 1391(b)(2).

## FACTUAL BACKGROUND

### I.     Department of Corrections Generally

24.     The Defendant IDOC controls and operates two penitentiaries and at least five correctional facilities across Iowa, including CCF and NCF.

25.     The IDOC is responsible for the treatment and rehabilitation of all individuals committed to its custody within each penitentiary and/or correctional facility.

26.     Incarcerated individuals are commonly required to participate in treatment programs administered by the IDOC, including but not limited to substance abuse treatment programming, batterers' treatment programming, and sex offender treatment programming.

27.     "It is the policy of the IDOC to allow incarcerated individuals visiting privileges to maintain and strengthen relationships with family and friends." IDOC Policy and Procedures, Ch. 5 § II, Incarcerated Individual Visiting, OP-MTV-04 (hereinafter "IDOC Visiting Policy." Inmates are generally permitted to be visited by any members of their immediate family and up to six members of their extended family or friends, provided that the visitor complies with the IDOC's procedures for the safety and security of the prisons. IDOC Visiting Policy §§ IV(A)(1).

28.      Although minor immediate family members are generally permitted to visit incarcerated individuals, the IDOC restricts minor visitors for individuals convicted of sex offenses against minors.

29.     An incarcerated individual convicted of sex offenses with against minors cannot have any minor visitors unless (1) he or she has completed the Sex Offender

Treatment Program (SOTP), and (2) the Sex Offender Treatment Team approves the request in consultation with the Office of Victims and Restorative Justice.

30.     The SOTP, which is currently offered exclusively at the Newton Correctional Facility, is the only program available for offenders to complete which meets the requirements for having minor visitors while incarcerated.

31.     Participation in the SOTP is not guaranteed upon conviction and incarceration for a sex offense against minors. Upon information and belief, the SOTP at the Newton Correctional Facility has a maximum capacity of 200 offenders at a time. Upon information and belief, between 800 and 1,000 incarcerated individuals are required to complete the SOTP program. Upon information and belief, the program takes an average of 11.5 months to complete.

## II.     Allegations Specific to Plaintiffs

32.     On September 26, 2016, Plaintiff Christopher King was convicted on two counts of third-degree sexual abuse, each a class "C" felony in violation of Iowa Code § 709.4; one count of assault with intent to commit sex abuse, an aggravated misdemeanor in violation of Iowa Code § 709.11(3); and one count of assault by penetration of genitalia with an object,  a class "C" felony in violation of Iowa Code § 708.2(5) in *State v. King*, Des Moines County Case No. FECR006909. Each of King's convictions involved an unrelated minor between the age of 16 and 17.

33.     As part of the sentence, King was ordered to serve an indeterminate term of confinement of not more than thirty-two years' imprisonment, with all counts of conviction running consecutively to each other.

7

34.    King's convictions subject him to the SOTP as required by official IDOC policies and procedures.

35.    On September 27, 2016, King was committed to the custody of the IDOC.

36.    As of the date of the filing of this Complaint, King's Tentative Discharge Date is April 30, 2021.

37.    As of the date of the filing of this Complaint, King is housed at the Clarinda Correctional Facility.

38.    As of the date of the filing of this Complaint, King has been unable to participate in the SOTP despite his desire to do so.

39.    King has not had any visits with his minor daughter since his incarceration for this offense. Because King cannot complete the SOTP, King has no opportunity to visit with his minor daughter.

40.    On August 20, 2016, Plaintiff Mark Retterath was convicted on one count of sexual abuse in the third degree, a class "C" felony in violation of Iowa Code § 709.4(1)(a); solicitation to commit murder, a lass "C" felony in violation of Iowa Code § 707.3A; and attempted murder, a class "B" felony in violation of Iowa Code § 707.11. *State v. Retterath*, Mitchell County Case No. FECR024846. On appeal, Mr. Retterath's conviction for attempted murder was reversed, and the Iowa Court of Appeals remanded that count for dismissal. The court further conditionally reversed and remanded the solicitation to commit murder count pursuant to a violation of Iowa Code § 622.10(4)(a)(2)(b). *State v. Retterath*, No. 16-1710, Iowa Ct. App. Dec. 20, 2017. The solicitation count is still pending.

41.    Retterath was sentenced to an indeterminate sentence not to exceed 10 years

on the sexual abuse in the third degree count.

42.     On October 17, 2016, Retterath was committed to the custody of the IDOC.

43.     As of the date of this filing, Retterath's tentative discharge date is January 12, 2023.

44.     Retterath's convictions require him to participate in the SOTP. To date, he has not been able to participate in the SOTP.

45.     As of the date of filing this complaint, Retterath is an inmate at the NCF.

46.     Retterath has not had any visits with his minor children since his incarceration for this offense. Because he cannot participate in the SOTP, he will not be able to visit his minor children until he is released.

## A. The Putative Class

47.     As described *supra*, this action is brought on behalf of all persons who are incarcerated for sex offenses against minors who are not reasonably a risk to their own children and, now or in the future, are required by the IDOC to participate in and complete the SOTP prior to getting permission to visit their children.

### CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Right to Free Association*
### *(Against Defendants Skinner, Wetzel, and Weis)*

48.     Plaintiffs replead paragraphs one through 47 as if fully set forth herein.

49.     Defendants Skinner, Wetzel, and Weis are all persons for the purpose of a

Section 1983 action for damages.

50.     At all times material hereo, Defendants Skinner, Wetzel, and Weis' actions and/or omissions were made under the color of authority and law as officials for the State of Iowa and the IDOC.

51.     Plaintiffs King and Retterath, in addition to each and every member of the Putative Class, have a protected interest in freedom of association with their minor children as guaranteed by the First Amendment to the United States Constitution.

52.     Beginning with the IDOC's determination that the Plaintiffs must complete the SOTP while incarcerated, the Defendants Skinner, Wetzel, and Weis caused and/or engaged in a pattern of conduct that violated the Plaintiffs' clearly established constitutional right to freedom of association, to wit:

      a. Failing to place the Plaintiffs into the SOTP for an indeterminable amount of time;

      b. Denying visits with Plaintiffs' children as a result of Defendants' failure to place Plaintiffs in the SOTP for an indeterminable amount of time;

      c. Foreclosing the possibility that Plaintiffs will be able to maintain a relationship with their children prior to their release.

53.     The named Plaintiffs have demonstrated a willingness and/or desire to participate in and complete the SOTP.

54.     The named Plaintiffs has demonstrated a desire to visit with their children, even seeking permission to visit with their children in spite of not having yet completed the SOTP program.

55.     The named Plaintiffs are afforded no alternative means to gain the right to

visit with their children under the IDOC's policy and procedures.

56.     The Defendants Skinner, Wetzel, and Weis violated the Plaintiffs' First Amendment Right to the United States Constitution to free association with members of their own family.

57.     This violation is not rationally related to a legitimate government interest, as children are permitted to visit other, more dangerous offenders.

58.     Reasonable alternative regulations exist to a blanket ban on visiting children, even from one's own family, as evidenced by the IDOC's own policies.

59.     The Defendants Skinner, Wetzel, and Weis demonstrated a deliberate indifference to and/or reckless disregard of Plaintiffs' civil and constitutional rights by their unlawful administration of the IDOC correctional institutions and facilities.

60.     The Defendants Skinner, Wetzel, and Weis' conduct was a cause of damages to the Plaintiffs, including emotional pain and suffering and attorney fees and costs associated with prosecuting this action.

61.     The named Defendants' actions were willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil rights, justifying an award of punitive damages.

62.     As a direct and proximate result of Defendants Skinner, Wetzel, and Weis' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

      a.   Deprivation of constitutional rights;

      b.   Humiliation, degradation, public ridicule, and past and future emotional distress;

c. Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

d. Punitive damages;

e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE** the Plaintiffs, King and Retterath, and on behalf of those similarly situated, pray for Judgment against Defendants Skinner, Wetzel, and Weis as follows:

a. Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

c. Punitive damages; and

d. Such relief as the Court deems just and equitable.

**<u>COUNT II</u>**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**<u>*Right to Equal Protection of the Law*</u>**
**(*Against Defendants Skinner, Wetzel and Weis*)**

63. Plaintiffs replead paragraphs one through 62 as if fully set forth herein.

64. Defendants Skinner, Wetzel, and Weis are all persons for the purpose of a Section 1983 action for damages.

65. At all times material hereto, Defendants Skinner, Wetzel, and Weis' actions

and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

66.     The Plaintiffs are entitled to equal protection and treatment under the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

67.     Defendants Skinner, Wetzel, and Weis have engaged in a course of conduct that has deprived the Plaintiffs of their right to equal protection under the law, to wit, prohibiting Plaintiffs from visiting their own children without an individualized determination that they are a danger to those children, and placing insurmountable barriers in front of Plaintiffs before they are permitted to visit with their children, that do not apply to other prisoners.

68.     The illegal and unconstitutional course of conduct undertaken by the named Defendants has resulted in the Plaintiffs being deprived of their constitutional right to Equal Protection.

69.     The named Defendants' course of conduct was the cause of additional damages to the Plaintiffs, including emotional pain and suffering and attorney fees and costs associated with prosecuting this action.

70.     The named Defendants' conduct was willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil and consittutional rights, justifying an award of punitive damages.

71.     As a direct and proximate result of Defendants Skinner, Wetzel and Weis' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

a.  Deprivation of constitutional rights;

b.  Humiliation, degradation, public ridicule, and past and future emotional distress;

c.  Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

d.  Punitive damages;

e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE** the Plaintiffs, King and Retterath, and on behalf of those similarly situated, pray for Judgment against Defendants Skinner, Wetzel, and Weis as follows:

a.  Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.  Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

c.  Punitive damages; and

d.  Such relief as the Court deems just and equitable.

<u>**COUNT III**</u>
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF EIGHTH AND/OR FOURTEENTH AMENDMENT TO THE**
**UNITED STATES CONSTITUTION**
<u>*Right to be Free from Cruel and Unusual Punishment*</u>
*(Against Defendants Skinner, Wetzel, and Weis)*

72.   Plaintiffs replead paragraphs one through 71 as if fully set forth herein.

73.   Defendants Bartruff, Skinner, Wetzel, and Weis are all persons for the

14

purpose of a Section 1983 action for damages.

74.     At all times material hereto, Defendants Skinner, Wetzel, and Weis' actions and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

75.     The Plaintiffs, as incarcerated individuals, maintain their constitutional rights, including their First Amendment right to free association and their Fourteenth Amendment right to Equal Protection. Defendants' illegal actions to deprive Plaintiffs of their constitutional rights constitutes cruel and unusual punishment.

76.     Further, visiting and maintaining relationships with one's family and children is an essential part of rehabilitating prisoners. Prisoners who cannot visit with their family during incarceration are deprived of the opportunity to hve an adequate support system upon their release from the IDOC.

77.     Based on the policies, procedures, and reckless practices of the IDOC, Defendants Skinner, Wetzel and Weis have engaged in a course of conduct that has failed to recognize the Plaintiffs' constitutional rights under the Eighth Amendment, and thereby deprived the Plaintiffs of their civil and constitutional rights.

78.     Defendants Skinner, Wetzel, and Weis demonstrated a deliberate indifference to and/or a reckless disregard of the Plaintiffs' civil and constitutional rights.

79.     Defendants Skinner, Wetzel, and Weis knew of a substantial risk of serious harm that the Plaintiffs would suffer as a result of these policies, procedures, and practices.

80.     The named Defendants' conduct was a cause of damages to the Plaintiffs, including emotional pain and suffering and attorney fees and costs associated with

prosecuting this action.

81. The named Defendants' conduct was willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil and consittutional rights, justifying an award of punitive damages.

82. As a direct and proximate result of Defendants Skinner, Wetzel, and Weis' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

a. Deprivation of constitutional rights;

b. Humiliation, degradation, public ridicule, and past and future emotional distress;

c. Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

d. Punitive damages;

e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE** the Plaintiffs, King and Retterath, and on behalf of those similarly situated, pray for Judgment against Defendants Skinner, Wetzel and Weis as follows:

a. Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

16

    c.   Punitive damages; and

    d.   Such relief as the Court deems just and equitable.

**COUNT IV**
**VIOLATION OF ARTICLE I, SECTION SIX OF THE IOWA CONSTITUTION**
***Right to Equal Protection of the Law***
***(Against Defendants Skinner, Wetzel, and Weis)***

83.     Plaintiffs replead paragraphs one through 82 as if fully set forth herein.

84.     At all times material hereto, Defendants Skinner, Wetzel, and Weis' actions and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

85.     The Plaintiffs are entitled to equal protection and treatment under the law as guaranteed by article I, section 6 of the Iowa Constitution.

86.     Defendants Skinner, Wetzel, and Weis have engaged in a course of conduct that has deprived the Plaintiffs of their right to equal protection under the law, to wit: prohibiting Plaintiffs from visiting their own children without an individualized determination that they are a danger to those children, and placing insurmountable barriers in front of Plaintiffs before they are permitted to visit with their children, that do not apply to other prisoners.

87.     The illegal and unconstitutional course of conduct undertaken by the named Defendants has resulted in the Plaintiffs being deprived of their constitutional right to equal protection.

88.     The named Defendants' course of conduct was the cause of additional damages to the Plaintiffs.

17

89.     The named Defendants' conduct was willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil and consittutional rights, justifying an award of punitive damages.

90.     Plaintiffs hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of their constitutional rights was oppressive, conniving, harsh, cruel, and or tyrannical.

91.     As a direct and proximate result of Defendants Skinner, Wetzel, and Weis' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

    a.  Deprivation of constitutional rights;

    b.  Humiliation, degradation, public ridicule, and past and future emotional distress;

    c.  Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs at common law.

**WHEREFORE** the Plaintiffs, King and Retterath, and on behalf of those similarly situated, pray for Judgment against Defendants Skinner, Wetzel, and Weis as follows:

    a.  Actual, compensatory, consequential, and all other allowable damages against Defendants in an amount yet to be determined;

    b.   Plaintiff's cost in this action, including reasonable attorney's fees and costs at common law;

    c.   Punitive damages; and

    d.   Such relief as the Court deems just and equitable.

## COUNT V
## VIOLATION OF ARTICLE I, SECTION SEVENTEEN OF THE IOWA CONSTITUTION
### *Right to be Free from Cruel and Unusual Punishment*
### *(Against All Defendants)*

92.    Plaintiffs replead paragraphs one through 91 as if fully set forth herein.

93.    At all times material hereto, Defendants Skinner, Wetzel, and Weis' actions and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

94.    The Plaintiffs, as incarcerated individuals, do not shed their constitutional rights under the Iowa Constitution at the prison door. Denying plaintiffs the protections of the Iowa Constitution as a result of their incarceration violates article I, section 17 of the Iowa Constitution's prohibition against cruel and unusual punishment.

95.    Further, visiting and maintaining relationships with one's family and children is an essential part of rehabilitating prisoners. Prisoners who cannot visit with their family during incarceration are deprived of the opportunity to hve an adequate support system upon their release from the IDOC.

96.    Based on the policies, procedures, and reckless practices of the IDOC, Defendants Skinner, Wetzel, and Weis have engaged in a course of conduct that has failed to provide the Plaintiffs with protections for their constitutional rights, and to provide

appropriate opportunities for rehabilitation.

97.    Defendants Skinner, Wetzel, and Weis demonstrated a deliberate indifference to and/or a reckless disregard of the Plaintiffs' civil and constitutional rights.

98.    Defendants Skinner, Wetzel, and Weis knew of a substantial risk of serious harm that the Plaintiffs would suffer as a result of these policies, procedures, and practices.

99.    The named Defendants' conduct was a cause of damages to the Plaintiffs.

100.    The named Defendants' conduct was willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil and consittutional rights, justifying an award of punitive damages.

101.    Plaintiffs hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of their constitutional rights was oppressive, conniving, harsh, cruel, and or tyrannical.

102.    As a direct and proximate result of Defendants Skinner, Wetzel, and Weis' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

a.   Deprivation of constitutional rights;

b.   Humiliation, degradation, public ridicule, and past and future emotional distress;

c.   Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

d.   Punitive damages;

e.   All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally

20

allowable judgment interest; and

f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs at common law.

**WHEREFORE** the Plaintiffs, King and Retterath, and on behalf of those similarly situated, pray for Judgment against Defendants Skinner, Wetzel, and Weis as follows:

a.  Actual, compensatory, consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b.  Plaintiff's cost in this action, including reasonable attorney's fees and costs at common law;

c.  Punitive damages; and

d.  Such relief as the Court deems just and equitable.

## COUNT VI
### RESPONDEAT SUPERIOR
*(Against Defendant Iowa Department of Corrections)*

103.    Plaintiffs replead paragraphs one through 102 as if fully set forth herein.

104.    At all times material hereto, an employer–employee relationship existed between the Defendant IDOC, as employer, and Defendants Skinner, Wetzel, and Weis, as employees.

105.    At all times material hereto, Defendants Skinner, Wetzel, and Weis were acting within the scope of their employment with Defendant IDOC.

106.    Under the doctrine of *respondeat superior*, Defendant IDOC is liable for the aforementioned conduct and/or omissions of Defendants Skinner, Wetzel, and Weis.

107.    As a result of the conduct and/or omissions of Defendants Skinner, Wetzel, and Weis, the named Plaintiffs and members of the Putative Class have sustained damages

and injuries as previously set forth in this Complaint.

**WHEREFORE** the Plaintiffs, King and Retterath, and on behalf of those similarly situated, pray for Judgment against Defendants Skinner, Wetzel, and Weis as follows:

    a. Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

    b. Plaintiffs' cost in this action, including reasonable attorney fees and interest and costs as allowed by law;

    c. Such other relief as the Court deems just and equitable under the circumstances.

## REQUEST FOR RELIEF

**WHEREFORE**, in addition to the relief requested *supra*, Plaintiffs respectfully request that this Court:

    a. Order that Plaintiffs may maintain this action as a class action pursuant to Rules 23(a) and (23)(b)(2) Federal Rules of Civil Procedure and issue a certification order pursuant to Rule 23(c). The undersigned further requests he be appointed as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

    b. Pursuant to 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure, declare unconstitutional and unlawful Defendants' conduct as alleged herein as a violation of the Plaintiffs' rights under the First Amendment; the Eighth Amendment; the Equal Protection Clause of the Fourteenth Amendment; and/or the provisions of the Iowa Consititution that have been violated as alleged herein.

    c. Grant permanent injunctive relief to enjoin the Defendants from subjecting Plaintiffs to policies, procedures, and/or practices that violate the Plaintiffs' federal and state constitutional rights, including as follows:

        i. Order Defendants to grant Plaintiffs' an individualized review that would enable them to visit with their own minor children in a manner equal with every other prisoner in the IDOC;

      ii.    Order the Defendant IDOC to ensure adequate resources and/or funding are available to ensure that Plaintiffs are given a meaningful opportunity to visit with their family, on the same basis as other prisoners in the IDOC;

      iii.    Enjoin the Defendants from recognizing only the NCF's overburdened SOTP as a sufficient prerequisite to gain an opportunity to visit with Plaintiffs' own minor children;

d. Grant such other relief as the Court may deem just and proper under the circumstances.

## **JURY DEMAND**

    Plaintiffs hereby demand a trial by jury in this matter on all claims to which Plaintiffs are entitled to a jury.

                    **PARRISH KRUIDENIER DUNN BOLES GRIBBLE GENTRY BROWN BERGMANN & MESSAMER, L.L.P.**

                    By:   */s/ Alfredo Parrish*

                    Alfredo Parrish        AT0006051
                    2910 Grand Avenue
                    Des Moines, Iowa 50312
                    Telephone: (515) 284-5737
                    Facsimile: (515) 284-1704
                    E-Mail: aparrish@parrishlaw.com
                    **ATTORNEY FOR PLAINTIFF**